IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-20260
_____


In The Matter Of:  APPLETREE MARKETS, INC.,

                                                    Debtor.

--------------------------

CENTRAL STATES, SOUTHEAST AND SOUTHWEST
AREAS PENSION FUND,

                                    Appellant-Cross-Appellee,

                          versus

LONG-TERM CREDIT BANK OF JAPAN, LTD.,

                                    Appellee-Cross-Appellant.
_____

Appeal from the United States District Court for the
Southern District of Texas
(H-98-CV-3163)
_____
April 10, 2000

Before POLITZ, JOLLY, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]


     After reviewing the record, studying the briefs, and
considering the points made by counsel at oral argument, we agree
with the bankruptcy court, as affirmed by the district court, that
the release provided under the Plan is effective to preclude the
claims Central States now attempts to raise against LTCB.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Furthermore, Central States is entitled to no relief under Bankruptcy Rule 9024 on the basis that the bankruptcy court acted in excess of its authority or jurisdiction in discharging the liability of a third party. At best, the bankruptcy court's orders in this respect are voidable, not void, and as such can not be collaterally attacked in this proceeding. See Republic Supply Co. v. Shoaf, 815 F.2d 1046 (5th Cir. 1987); In re Edwards, 962 F.2d 641, 644 (7th Cir. 1992); 11 Wright & Miller, Federal Practice and Procedure § 2862, at pp. 322-32 (1995).

We thus conclude that the judgment of the district court, affirming the judgment of the bankruptcy granting summary judgment for LTCB, should be, and the same is

A F F I R M E D.[1]

---

[1]The judgment of the district court, affirming the judgment of the bankruptcy court, denying LTCB's request for attorney's fees pursuant to 29 U.S.C. §§ 1401 & 1451 is AFFIRMED.